IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

**REYNALDO VALENTIN RIOS**
**DARMEY ALMODOVAR VELAZQUEZ**

CASE NUM. 09-04925-BKT

CHAPTER 13

**Debtors**
-------------------------------------------------------- *

## OBJECTION TO CLAIM #1

# TO THE HONORABLE COURT:

NOW COMES the above named debtors through their undersigned attorney and very respectfully pray and allege as follows:

(1) Debtors filed a Chapter 13 Bankruptcy Petition on 6/17/2009

(2) A secured claim by PR Acquisitions was filed in the above numbered case. The amount of the claim is 3,274.39 for account number 100179369. This claim is denoted as claim #1 on ECF.

(3) The claim should be disallowed for the reasons set forth in the attached declaration.

(4) The claim is deficient in that the attachments to the allegedly secured claim is an Asset Purchase Agreement between ***a third party and allegedly original creditor*** without any evidence that there exists a valid contract between the debtor and the creditor. See Proof of Claim #1.

Line 7 of the proof of claim form sets forth what types of supporting documents will act as evidence of the validity of the claim. Promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests are all acceptable documents. These documents are required to illustrate the basis for the debt and to provide a reasonable ability to analyze the underlying foundation of the claim.

A filing in accordance with the rules, in order to receive the benefit of

the claim's prima facie validity, means that proof of claim must set forth facts necessary to support the claim. In Re Chain, 255 B.R. 278, 280 (Bankr.D.Conn.2000) *qtg*. 8 L.King, Collier on Bankruptcy para 3001.05 (15th ed. 1988). More recently on In re Tran, No. 05-82180 (Bankr. S.D. Tex. 9/6/06)(Brown, Ch.B.J.) aff'd, eCast Settlement Corporation v. Tran, No. H-06-2965 (S.D. Tex. 5/14/07)(Miller, .J.) In both cases, a debtor incurred credit card debt and then filed bankruptcy. In the bankruptcy case, a third party filed a proof of claim as the assignee of the original creditor. The Debtor then objected on the basis that the entity claiming to hold the claim was unknown to it and that the documentation attached to the claim was insufficient. The Court required the assignee to meet the same burden of proof which would apply to a suit on a contract in state court and the claims were denied.

Specifically Federal Rule 3001 (c) and (d) of Bankruptcy Procedures state that:

*"When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim."*

*"If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."*

Therefore, creditor PR Acquisitions has failed to comply with both requirements.

Determining what sets forth all the pertinent facts necessary to support its claim is a substantive question to be determined by reference to applicable state law. Id. *Qtg* .Butner v. United States 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d. 136 (1979).

Pleadings do not constitute proof. If the creditor were to try and collect on the contract in State Court, the existence of the contract would have to be

proven. The creditor would have to produce the various business records, contract terms, and a signature of the debtor agreeing to honor the contract. Business records may be utilized as evidence so long as they are used in the regular course of business, at or near the time of the act, condition or event.

Counsel contends that the necessary facts to justify the validity of the debt is similar to the level of proof required when the debtor contests the validity of the debt under the FDCPA. Pursuant to the Fair Debt Collection Practices Act, the debtor has the right to demand verification of the debt being collected on. Hence, the 'mini-miranda' warning, 15 U.S.C. §1692(e)(1 1), supplied with each written document to the debtor when a collection agency is attempting to collect a debt. The mini-miranda as it is commonly known is essentially a Debt Validation Notice. It allows that upon the initial contact from the collector (creditor), the debtor has 30 days to dispute the validity of the debt and the collection company then must cease all collection activity until it has provided evidence to the consumer that the debt is valid. Evidence can be in the form of a judgment, post due statement, etc. The need for this option is to not allow the 'unsophisticated consumer' into foregoing or ignoring his or her rights. Higgins v. Capital Credit Services, Inc., 762 F. Supp. 1128 (Del. 1991).

PR Acquisitions has only presented an asset purchase agreement between them and the allegedly original creditor and nothing more. The asset purchase agreement ***does not provides any information about the debt, when it was incurred, or any other supporting documents that will act as evidence of the validity of the claim or if it's time barred by Puerto Rico's statue of limitations.***

It is not even a record kept in the usual course of business for the purposes of debt collection. There is insufficient evidence to determine if the claim is valid. The Court must require some form of objective evidence.

In attempting to define what objective evidence is, counsel contends that information such as the original contract, copies of monthly billing statements, copies transactions receipts, etc. would begin to suffice. At a minimum, there must be something present that allows the debtor to review the claim and track those charges which are valid and acceptable in the bankruptcy forum.

To require less than this amount invites claims which cannot be verified and an opportunity for creditors to inflate their claims with unsubstantiated fees and costs.

The form of the existing claim filed by PR Acquisitions denies the Court, the Trustee, and the debtor the opportunity to determine the validity of the claim and the extent to which the amount of the claim may be accurate. Debtors, by their nature, are typically unsophisticated consumers who lack the knowledge and ability to understand credit transactions, average daily balance computations, and what is precisely the proper method to determine accrued interest on an account. While the debtor should remain vigilant, it is an unfair burden to impose on the debtor to maintain the regular records of all his account transactions and to understand the finer points of secured transactions.

PR Acquisitions essentially invites an objection to the claim and increases the burden on the Courts, the trustees, the debtor and debtor's counsel by furthering the complexity of the case, requiring additional motions and expenses to be paid by the trustee and debtor. Such is an unfair burden to impose on the debtor.

**WHEREFORE**, it is respectfully requested that this Honorable Court disallow claim #1 for the reasons herein stated.

San Juan, Puerto Rico this June 30, 2009

I CERTIFY that on this date I sent by electronic mail a true copy of this motion to Trustee Alejandro Oliveras Rivera,Esq., to movant PR Acquisitions 270 Munoz Rivera Avenue, Suite 400, San Juan, P.R. 00918, to parties in interest and by

regular mail to creditors as per master address list.

## 30 DAY NOTICE

TO ALL PARTIES in interest: You are hereby granted 30 days from the date of this notice to oppose the motion and request a hearing, if no opposition is filed the Court may grant this motion without the need for a hearing.

/s/ **HECTOR VELAZQUEZ HERNANDEZ**
USDC PR 208313
P.O. Box 360847
San Juan, PR 00936-0847
Tel. (787) 317-2240
Fax. (787) 764-7511
E-mail velazquezlawpr@yahoo.com